UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID SIEVERDING and
KAY SIEVERDING,

    Plaintiffs,

v.

COLORADO INTERGOVERNMENTAL
RISK SHARING ASSOCIATION (CIRSA),

    Defendant.

CIVIL NO. 05-02 (DWF/JSM)

REPORT AND RECOMMENDATION

The above matter came on before the undersigned United States Magistrate Judge upon Defendant's request to *sua sponte* dismiss the Complaint based upon plaintiffs' alleged violation of an Order from United States District Judge Edward W. Nottingham, United States District Court for the District of Colorado, entered on March 19, 2004, affirmed by the Tenth Circuit Court of Appeals in Sieverding v. Colo. Bar Ass'n., et al., 2005 WL928748 (10th Cir., April 22, 2005). Defendant's request for dismissal and plaintiffs' various motions for default judgment [Docket Nos. 9, 11, 12, 13, 14, 17, 22 and 30] are referred to the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C) [Docket No. 21].

Based upon the pleadings, arguments by counsel, and for the reasons discussed below, it is recommended that:

    1.    Defendant's request that this matter be dismissed *sua sponte* be granted and this matter be dismissed without prejudice;

    2.    Plaintiffs be prohibited from re-filing the instant action against CIRSA in this District, and from filing in this District any other lawsuits that relate to any of the series of

events that occurred in Steamboat Springs that are the subject of the Colorado Litigation, or that form the basis and backdrop for the Colorado Litigation, unless plaintiffs are represented by counsel and counsel fully handles the case, including preparing all court documents and handling all filings and communications with the Court and the opposing parties;

  3. Defendant's motion for attorneys' fees and costs be denied;

  4. Except for objections to the Report and Recommendation permitted by D. Minn. Local Rule 72.1(c)(2), no additional pleadings or motions be filed by plaintiffs or defendant without permission of the Court, until the District Court has issued its decision on this Report and Recommendation; and

  5. All remaining motions [Docket Nos. 9, 11, 12, 13, 14, 17, 19, 20, 22, 23, 24, 26, 28, 29 and 30] be denied as moot.

**FINDINGS OF FACT**

  1. In October 2002, plaintiffs brought suit in the United States District Court for the District of Colorado ("Colorado Litigation") against their former neighbors in the City of Steamboat Springs and a number of other individuals and entities. In this suit, plaintiffs sought cash damages, injunctive relief and a public apology for wrongs they allegedly suffered in connection with a number of different disputes with their neighbors, handling of their complaints related to these disputes by various persons and entities, related legal proceedings, and newspaper reports of the matter.

  2. One of the named defendants in the Colorado Litigation was the same defendant as the defendant in the instant suit, the Colorado Intergovernmental Risk Sharing Association ("CIRSA"). In this regard, plaintiffs alleged in the Colorado Litigation that CIRSA was liable to them for a variety of bad acts allegedly committed by numerous

employees and agents of Steamboat Springs and for the conduct of its agent, David Brougham. See First Amended Complaint filed April 1, 2003 in Colorado Litigation [Docket No. 83], Paragraphs 391-417, Claims at pp. 33-37.[1]

3.      On October 14, 2003, Magistrate Judge Schlatter issued a Report and Recommendation recommending that the Colorado Litigation be dismissed in its entirety. In addition, among other relief ordered by Magistrate Judge Schlatter, he recommended the following as a sanction for plaintiffs' repeated pursuit of frivolous or groundless claims and motions in the Colorado Litigation and the filing of five other suits[2] alleging events arising out of the same series of events as those alleged in the Colorado Litigation:

---

[1]     According to plaintiffs, CIRSA was never served in the Colorado Litigation. See Complaint, at p. 1 [Docket No. 1]; Objection to Defendant's Motion to Dismiss [Docket No. 7]. However, in the Report and Recommendation issued on October 14, 2003 by Magistrate Judge O. Edward Schlatter, he explicitly addressed plaintiffs' claims against CIRSA and recommended dismissal of them. See Sieverding, et. al. v. Colorado Bar Association, et. al., Civil Action No. 02-N-1950 (OES) (D. Colo. Oct. 14, 2003), Recommendation for Dismissal of All Claims Against All Defendants and Recommendation that Plaintiffs be Ordered to Pay Attorneys Fees and Costs ("Schlatter R and R"), at pp. 9, 39-41.

[2]     According to Magistrate Judge Schlatter, as of October, 2003, the date of his decision, plaintiffs had filed five other suits all dealing with the same course of events as those alleged in the Colorado Litigation. One suit, filed in Routt County District Court, Colorado was dismissed by plaintiffs; a second suit filed in the District Court of Colorado was remanded back to Routt County District Court and believed to be dismissed without prejudice; a third suit was filed in the Western District of Wisconsin and voluntarily dismissed by plaintiffs pursuant to Rule 41(a)(1); the fourth suit was again filed in the Western District of Wisconsin and was dismissed with prejudice; and the fifth suit was filed by plaintiffs in October 2003 in the District Court of Colorado, while the Colorado Litigation was pending. Magistrate Judge Schlatter noted that the original complaint in the first Western District of Wisconsin suit was 100 pages long and contained 800 paragraphs, and the amended complaint was 603 pages long and had over 3000 paragraphs and 726 exhibits; the second Western District of Wisconsin suit was 107 pages long and contained 706 paragraphs, named more than 50 defendants, and asserted approximately 230 claims. See Schlatter R and R, at pp. 13, 19-22, 52.

> Finally, in order to prevent further abusive litigation by plaintiffs, I RECOMMEND that they be enjoined from filing any further lawsuits that relate to any of the series of events that occurred in Steamboat Springs, or that form the basis and backdrop for this case, unless plaintiffs are represented by counsel.

Schlatter Report and Recommendation, at pp. 19-22, 52, 56-59.

4. On March 19, 2004, United States District Court Judge Edward W. Nottingham adopted the Report and Recommendation of Magistrate Judge Schlatter and expressly "enjoined and prohibited [plaintiffs] from commencing litigation in this <u>or any other court</u> based on the series of transactions described in this case, unless they are represented by counsel." <u>Sieverding, et. al. v. Colorado Bar Association, et. al.</u>, Civil Action No. 02-N-1950 (OES) (D. Colo. March 19, 2004)(emphasis added).

5. Plaintiffs appealed Judge Nottingham's decision to the Tenth Circuit Court of Appeals.

6. While that appeal was pending, on October 4, 2004, plaintiffs filed <u>Sieverding v. Faegre & Benson, et al.</u>, Civil No. 04-4317 (JRT/FLN) in the District Court of Minnesota against the Steamboat Pilot/Today Newspaper/Internet Publication, World West LLC, Ralph Gage, and their attorneys, Faegre & Benson ("Minnesota Litigation I"), without the representation of counsel. Steamboat Pilot/Today Newspaper/Internet Publication and World West LLC were named as defendants in the Colorado Litigation.

7. On October 27, 2004, defendants requested that the Court *sua sponte* dismiss Minnesota Litigation I based upon plaintiffs' alleged violation of Judge Nottingham's March 19, 2004 Order in the Colorado Litigation.

8. On January 3, 2005, while defendant's request for dismissal of Minnesota Litigation I was pending, plaintiffs commenced the instant action against CIRSA.

9. On January 19, 2005, United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation in Minnesota Litigation I recommending that the case be dismissed for violation of Federal Rule of Civil Procedure 8(a) and Judge Nottingham's March 19, 2004 Order in the Colorado Litigation. In addition, Magistrate Judge Noel recommended that "the dismissal be without prejudice to plaintiffs filing anew if they retain counsel, who files a complaint that complies with Rule 8." Sieverding v. Faegre & Benson, et al., Civil No. 04-4317 (JRT/FLN), Report and Recommendation (D. Minn. Jan. 19, 2005), at p. 7.

10. Plaintiffs filed objections to Magistrate Judge Noel's Report and Recommendation in the Minnesota Litigation I.

11. On January 31, 2005, defendant CIRSA requested by letter that the Court *sua sponte* dismiss the Complaint in the instant litigation based upon plaintiffs' violation of Judge Nottingham's Order in the Colorado Litigation. In addition, CIRSA moved the Court to stay the matter pending disposition of defendant's request of dismissal, and requested attorneys' fees and costs and injunctive relief forbidding plaintiffs from filing additional actions in the District of Minnesota without a lawyer. See Docket No. 3.

12. On February 1, 2005, the Court issued an Order in the instant case granting defendant's request for a temporary stay. [Docket No. 8]. Specifically, the Court stayed the matter "for a period of 60 days, or until further order of the Court this action." Id. at 2. In addition, this Court ordered that during the 60-day period (1) no additional pleadings or motions would be filed by plaintiffs or defendant without permission of the Court; (2) the Court reserved the right to set the defendant's request for a *sua sponte* dismissal for oral argument; and (3) the Court reserved the right to award attorneys' fees and costs, as well as injunctive relief.

13.     Commencing on April 1, 2005, plaintiffs have filed at least 20 different pleadings with the Court, including six motions for default judgment or judgment as a matter of law [Docket Nos. 9, 11, 12, 13, 14, 17, 22, and 30] and various other motions [Docket Nos. 19, 20, 23, 24, 26, 28 and 29].

14.     On April 22, 2005, the Tenth Circuit Court of Appeals affirmed Judge Nottingham's Order in the Colorado Litigation, including the injunction prohibiting plaintiffs "from commencing litigation in this or <u>any other court</u> based on the series of transactions described in the case, unless represented by counsel." <u>Sieverding v. Colo. Bar Ass'n., et al.</u>, 2005 WL 928748 at *1 (10th Cir., April 22, 2005)(emphasis added).

15.     On May 23, 2005, the District Court in Minnesota Litigation I issued its Order adopting the Report and Recommendation of Magistrate Judge Noel. <u>Sieverding v. Faegre & Benson, et al.</u>, Civil No. 04-4317 (JRT/FLN) (D. Minn. May 23, 2005).

**RECOMMENDATION**

On March 19, 2004, Judge Nottingham of the United States District Court for the District of Colorado dismissed the Colorado Litigation and as a sanction for plaintiffs' actions, prohibited them from filing any further <u>pro se</u> litigation in any court concerning the series of transactions described in the Colorado Litigation, unless they were represented by counsel. This Order was affirmed by the Tenth Circuit on April 22, 2005. Notwithstanding Judge Nottingham's Order, plaintiffs proceeded to expressly violate it, first by filing Minnesota Litigation I, and then by filing the instant case against CIRSA, without representation by counsel.

A comparison of the First Amended Complaint in the Colorado Litigation and the Complaint in the instant litigation indicates that the matters raised in the instant case arise from the same subject and series of transactions described in the Colorado Litigation. In

fact, the Complaint quotes verbatim from the First Amended Complaint in the Colorado Litigation and facts submitted by plaintiffs to the Tenth Circuit in connection with their appeal of Judge Nottingham's Order. <u>See</u> <u>e.g</u>. Complaint, Paragraphs 5, 32-70. While the instant Complaint may contain new claims or theories against CIRSA, the series of transactions upon which it is based are the same as those which were addressed in the Colorado Litigation. As such, the instant action is a direct violation of Judge Nottingham's Order, which was affirmed by the Tenth Circuit. On this basis, CIRSA's request to dismiss should be granted, and the case should be dismissed without predjudice. In addition, in order to insure that plaintiffs comply with the sanctions imposed upon them by Judge Nottingham, plaintiffs should be prohibited from re-filing the instant action against CIRSA in this District, and from filing in this District any other lawsuits that relate to any of the series of events that occurred in Steamboat Springs that are the subject of the Colorado Litigation, or that form the basis and backdrop for the Colorado Litigation, unless plaintiffs are represented by counsel and counsel fully handles the case, including preparing all court documents and handling all filings and communications with this Court and the opposing parties.[3]

---

[3] While this Court is recommending that this case be dismissed without prejudice, leaving open the possibility that plaintiffs, represented by counsel, may re-file it or other suits arising out of the events alleged in the Colorado Litigation, this Court cautions plaintiffs to consider very carefully whether to proceed with any such litigation, in light of their voluntary dismissal of the first suit in the Western District of Wisconsin, the dismissal with prejudice of their second suit Western District of Wisconsin, and the dismissal with prejudice of the Colorado Litigation. Rule 41(a)(1) of the Federal Rules of Civil Procedure and the doctrines of <u>res judicata</u> and collateral estoppel may preclude any such subsequent litigation, engendering not only further motions to dismiss, but motions against plaintiffs for sanctions under Rule 11 of the Federal Rules of Civil Procedure.

THEREFORE, IT IS HEREBY RECOMMENDED that:

1. Defendant's request that this matter be dismissed *sua sponte* be granted and this matter be dismissed without prejudice;

2. Plaintiffs be prohibited from re-filing the instant action against CIRSA in this District, and from filing in this District any other lawsuits that relate to any of the series of events that occurred in Steamboat Springs that are the subject of the Colorado Litigation, or that form the basis and backdrop for the Colorado Litigation, unless plaintiffs are represented by counsel and counsel fully handles the case, including preparing all court documents and handling all filings and communications with the Court and the opposing parties;

3. Defendant's motion for attorneys' fees and costs be denied;

4. Except for objections to the Report and Recommendation permitted by D. Minn. Local Rule 72.1(c)(2), no additional pleadings or motions be filed by plaintiffs or defendant without permission of the Court, until the District Court has issued its decision on this Report and Recommendation; and

5. All remaining motions [Docket Nos. 9, 11, 12, 13, 14, 17, 19, 20, 22, 23, 24, 26, 28, 29 and 30] be denied as moot.

Dated:     May 26, 2005

                                        *s/ Janie S. Mayeron*
                                        JANIE S. MAYERON
                                        United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 14, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party

may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.